10-4022-ag
Dong v. Holder

BIA
A095 381 913

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of August, two thousand eleven.

PRESENT:
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

CUIHUA DONG,
> *Petitioner,*

v.                                    10-4022-ag
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:         Wendy Tso, New York, New York

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Frances W. Fraser, Senior
                        Litigation Counsel; Steven F. Day,
                        Trial Attorney, Office of
                        Immigration Litigation, Civil
                        Division, United States Department
                        of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Cuihua Dong, a native and citizen of the People's Republic of China, seeks review of a September 15, 2010 order of the BIA denying her third motion to reopen. *In re Cuihua Dong*, No. A095 381 913 (B.I.A. Sept. 15, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Dong's motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). We review the BIA's factual findings regarding country conditions under the substantial evidence standard. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

There is no dispute that Dong's January 2010 motion to reopen was untimely and number-barred because it was her third motion to reopen and her administrative order of removal became final in 2004. *See* 8 U.S.C.

§ 1229a(c)(7)(A),(C)(i); 8 C.F.R. § 1003.2(c)(2). Although Dong contends that the time and number limitations do not apply to her motion to reopen as it is "based on changed circumstances arising in the country of nationality," 8 C.F.R. § 1003.2(c)(3)(ii), her arguments are unavailing.

In connection with her motion to reopen, Dong submitted letters and supporting documents from Ling Li and Kang Qi Zhang that purported to describe conditions in specific areas of China. Each letter was unsworn and addressed to "Respectful Judge," the supporting documentation was unauthenticated, and neither Li nor Zhang was from Dong's home village or explained his connection to Dong. Moreover, certain documents relating to Li indicated he was punished for a "smuggling crime," not for violating China's family planning policy as Dong alleged. After considering them, the BIA reasonably declined to accord evidentiary weight to either the letters or the supporting documents. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (finding that the weight accorded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency); *see also Jian Hui Shao,* 546 F.3d at 172-73 (concluding that the BIA reasonably determined

3

that evidence merely referencing the family planning policy's mandatory sterilization requirement without any indication that such sterilizations are performed by force is insufficient to establish an objectively reasonable fear of persecution).  Because Dong did not submit any other evidence in support of her family planning claim, the BIA did not abuse its discretion in denying her motion to reopen on this basis.

The BIA also reasonably refused to accord evidentiary weight to a letter from Dong's pastor, as it contained only one sentence and failed to identify when Dong began attending church services.  *See Xiao Ji Chen*, 471 F.3d at 342.  Moreover, as the BIA found, Dong's alleged conversion to Christianity represented a change in her personal circumstances, as opposed to changed country conditions in China.  *See Yuen Jin v. Mukasey,* 538 F.3d 143, 155 (2d Cir. 2008).  The current regulatory scheme generally prevents aliens from reopening their removal proceedings by changing their personal circumstances in response to changes in their country.  *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006).  In addition, the record supports the BIA's determination that, although China has engaged in

4

discrimination and abuse of Christians, Dong failed to establish that conditions in China had changed fundamentally since her merits hearing, as required to warrant reopening. *See Xiao Ji Chen*, 471 F.3d at 342 (holding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency). Therefore, we find no abuse of discretion in the BIA's denial of Dong's motion to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5